### FAIRBRASS et al. v. PURDY et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

WILLS—RESIDUARY CLAUSE—CONSTRUCTION.

By the residuary clause of a will the testator gave the residue of his estate, both real and personal, in trust to be sold, and the proceeds to be divided between his brothers and sisters; and in the same clause he authorized his executors, in their discretion, to distribute among his friends

60 N.Y.S.—48

such articles of jewelry and wearing apparel as they may be desirous of having. *Held*, that the jewelry and wearing apparel were not intended to be included in the residue left in trust to be sold by the executors, and that the provision respecting them, being too vague to entitle any one thereto under the will, they should be held for the next of kin.

Appeal from trial term, New York county.

Action by Henrietta H. M. Fairbrass and others against Thomas J. Purdy and another, executors of Alfred Charles Fenn, deceased. Case submitted on an agreed statement of facts, in accordance with Code Civ. Proc. c. 11, tit. 2, art. 2. Judgment for plaintiff.

It was shown by the statement of facts: That the plaintiffs are, respectively, a brother and sisters and the sole heirs at law and next of kin of Alfred Charles Fenn, who died on or about the 29th day of August, 1893, leaving a last will and testament, dated June 16, 1893, and proved November 22, 1893, and recorded in the office of the surrogate of said county in Liber 499 of Wills, at page 297. That a dispute or question has arisen between the parties hereto as to the validity of that portion of said will which disposes of or affects such articles of jewelry as were left by said testator at the time of his death. That the only portion or portions of said will affecting said jewelry is the second clause thereof, which is as follows: "Second. All the rest, residue, and remainder of my estate, real and personal, and wheresoever situated, I give, devise, and bequeath to my executors, hereinafter named, in trust, however, to sell and dispose of the same at public or private sale, in their discretion, and, after paying all my just debts, to divide the net proceeds derived from the sale thereof equally between my brothers and sisters who may be living at the time of my death. I hereby authorize and empower my executors to execute and deliver such deeds or other instruments as may be necessary to carry out the provisions of this, my will. I hereby authorize and empower my executors to distribute among such of my friends as they, in their discretion, may see fit, such articles of jewelry or wearing apparel as they may be desirous of having."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles W. Lefler, for plaintiffs.
Henry Smith, for defendants.

PER CURIAM. The gift of the residuary estate in the second clause of the will is in trust for the payment of legacies, but it is evident that the testator intended that the jewelry and wearing apparel should not be included in that trust, or sold by the executors with the other property, the proceeds of which are to be divided among his brothers and sisters. There is no ultimate gift of the jewelry and wearing apparel to any one, and the provision of the will with respect to those articles is so vague that it cannot be said that any one has the right, under the will, to claim any of them from the executors; for the distribution is to be among such of the testator's friends as the executors, in their discretion, may see fit to select, and of such articles as such friends may be desirous of having. The executors hold the articles for the next of kin.

There should be judgment for the plaintiffs on the submission, with costs.